UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA

       Plaintiff,

  v.

DALE C. SCHAFER and MARION P. FRY,

       Defendants.

NO. CR. S-05-0238 FCD

ORDER

----oo0oo----

This matter is before the court on defendant Schafer's motion for reconsideration of the magistrate judge's denial of his motion to modify the terms of his pretrial release. The court has conducted a de novo review of the matter pursuant to 18 U.S.C. § 3145 and affirms the magistrate judge's ruling. For the reasons set forth below,[1] defendant's motion to modify the terms of pretrial release is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

Defendant seeks to modify the terms of his release to allow use of a legal prescribed medication, Marinol, in accordance with his physician's supervision and direction.  Marinol contains a synthetic component of marijuana.  Defendant Schafer's conditions of release provide *inter alia* that he must refrain from the use of any narcotic drug or other controlled substance without a prescription by a licensed medical practitioner and that medicinal marijuana, prescribed or not, may not be used. Further, the conditions also provide that defendant Schafer must submit to drug or alcohol testing as approved by the Pretrial Services Officer.

Defendant states that he has been diagnosed with hemophilia, hepatitis C, hemophilia arthritis, and severe orthopaedic lumbar disease.  Defendant contends that the use of Marinol is necessitated because he is currently prescribed high doses of many different narcotics to reduce the pain, and increase in these pain medications may have a negative impact on his liver. Defendant argues that the use of Marinol would decrease his use of other dangerous narcotics.

The government opposes defendant's motion on the grounds that if defendant Schafer is allowed to use Marinol, there is no way for the government to adequately test whether defendant is using Marinol or illegal marijuana.  Further, the government argues that there is no substantial medical need for defendant's use of Marinol.

Neither defendant Schafer nor the government has submitted sworn evidence by defendant's treating physician, Dr. Powell, regarding defendant's use of Marinol.  Defendant relies upon a

2

letter from Dr. Powell that states that he "*would like to consider* placing [defendant Schafer] on [M]arinol." This unsworn statement does not demonstrate medical necessity nor does it provide sufficient evidence to modify the conditions of defendant Schafer's pretrial release. In its opposition, the government relies upon assertions that the Assistant United States Attorney assigned to this case spoke to Dr. Powell and was told that defendant's use of Marinol "was not a big deal" and that other alternatives are available to treat defendant's pain. The government did not attach any declarations or affidavits as evidence of these statements. Argument made in opposition papers without accompanying evidence is insufficient to allow this court to make a finding regarding medical necessity.

The court will not consider defendant Schafer's need to use Marinol as part of his treatment regimen for physical symptoms absent unequivocal medical evidence supported by a treating physician's affidavit. Because neither party has submitted such evidence, defendant's motion to modify the terms of his pretrial release is DENIED.

IT IS SO ORDERED.

DATED: March 22, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE