UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DALE C. SCHAFER and MARION P. FRY, aka Mollie P. Fry,

        Defendants.

NO. CR. S-05-238 FCD

MEMORANDUM AND ORDER

----oo0oo----

On July 13, 2007, the court heard oral argument on the parties' motions in limine.[1]  At the hearing, the court decided on the record some motions,[2] deferred ruling on others, pending

---

[1] The court also held the trial confirmation hearing; trial of this matter is set to commence August 1, 2007.

[2] The court denied as moot defendants' motion for discovery compliance regarding any "informants" used by the government (Docket #129); the court accepted the government's representation that it did not use any informants in the instant investigation; however, the government conceded there are certain cooperating witnesses who will testify in this action and as to those witnesses, the government indicated it would disclose pertinent information, including cooperation agreements.

The court granted the government's motions in limine nos. 5, 6 and 7, to exclude any argument regarding jury

factual proffers by defendants,[3] and submitted certain motions. By this order, the court issues its decision with respect to the motions taken under submission, including the government's motion in limine[4] no. 1 ("MIL No. 1"), to exclude any evidence or argument pertaining to a medical necessity defense, and motion in limine no. 2 ("MIL No. 2"), to exclude any evidence or argument pertaining to a defense of erroneous belief that defendants' conduct was legal, and defendants' motion in limine in support of certain jury instructions (hereinafter, "defendants' MIL to assert defenses").[5]  The court also rules herein on the deferred

---

nullification, to exclude evidence or argument regarding potential punishments and to exclude evidence or argument relating to any mental disease or defect of defendant Fry, respectively.

        The court did not specifically discuss the government's notice of intent to introduce possible evidence under Federal Rule of Evidence 404(b). The admissibility of any such evidence will be considered by the court during trial, when, and if, it is sought to be introduced.

       [3]    The court deferred ruling on the government's motions in limine nos. 3 and 4, to exclude evidence regarding defenses of entrapment by estoppel or public authority and to exclude evidence regarding the execution of the search warrant, respectively, pending factual proffers on the issues by defendants, to be filed with the court, under seal, on or before July 20, 2007. As set forth below, defendants filed a proffer only with respect to the government's motion in limine No. 3; they did not file the proffer under seal.

       [4]    The government filed its motions in a consolidated document (Docket #131), to which defendants responded in a consolidated opposition (Docket #136).

       [5]    Defendants styled their motion as a motion in support of various proposed jury instructions (Docket #128). However, the court construes the motion, as did the government (Docket #137), as a motion in limine in support of the assertion of various defenses to the charged conduct, including defenses of compliance with federal or state law, fair notice, mistake of fact, mistake of law, advice of counsel, good faith and/or entrapment or reliance on public authority. In some respects, defendants' motion overlaps with the government's MIL Nos. 1, 2

motions (the government's, "MIL No. 3" and "MIL No. 4").

**Government's MIL No. 1**

The court GRANTS the government's MIL No. 1 to exclude any argument or evidence pertaining to a defense of medical necessity. It is the law of this case that the United States Supreme Court's decision in United States v. Oakland Cannabis Buyers' Cooperative ("OCBC"), 532 U.S. 483 (2001), holding that medical necessity cannot be a defense to a federal charge of manufacturing and distributing marijuana in violation of the Controlled Substances Act ("CSA"),[6] may be retroactively applied to defendants' charged conduct here, occurring between 8/1/99 and 9/28/01. The court made this finding on the record at the January 20, 2006 hearing wherein it denied defendants' motion to dismiss the indictment on the grounds that, at the time in question, state and federal law permitted possession and cultivation of marijuana for medicinal purposes. With respect to OCBC, the court found that the Supreme Court's decision was foreseeable in light of a circuit split on the issue and thus, under United States v. Qualls, 172 F.3d 1136 (9th Cir. 1999), OCBC could be retroactively applied to defendants' alleged conduct.[7]

---

and 3.

[6] The Court based its holding on the premise that there can be no necessity for a substance which has no medical value, based on marijuana's Schedule I classification.

[7] As set forth below, Judge Karlton's decision in "Mushroom Trail" is not to the contrary. There, Judge Karlton considered the retroactive application of Gonzales v. Raich, 125 S.Ct. 2195 (2005), *not* OCBC.

3

1    Moreover, even if OCBC could not be applied retroactively,
2 defendants' argument regarding the *purported* legality of their
3 charged conduct would only apply to the time frame of 7/17/00 to
4 8/29/00, the time between the OCBC-district court's modification
5 of the injunction to include a medical necessity exemption and
6 the Supreme Court's stay of the injunction.  Preliminarily, the
7 court notes that defendants' argument can be summarily dismissed
8 as it pertains to their alleged conduct occurring between
9 5/14/01, the date of the Supreme Court's decision in OCBC and
10 9/28/01, the last date of wrongdoing charged in the indictment;
11 as to that time frame, the law (as described in OCBC) clearly did
12 not support a medical necessity defense.

13    With respect to defendants' alleged conduct occurring
14 between 8/1/99 and 5/14/01, defendants misapply the lower court
15 decisions in OCBC to their conduct.  OCBC was a non-profit
16 cannabis club.  In the district court, the government brought
17 suit, requesting a preliminary injunction to stop the
18 distribution of cannabis in the wake of California's initiative
19 supporting the medical use of marijuana.  The district court
20 issued the injunction on May 13, 1998 (5 F. Supp. 2d 1086 (N.D.
21 Cal. 1999)).  OCBC appealed the district court's order denying
22 its motion to modify the injunction to permit distribution to
23 persons that have a medical necessity.  On September 13, 1999,
24 the Ninth Circuit reversed the order denying the modification and
25 remanded the case to the district court to reconsider whether a
26 medical necessity exemption should be included in the injunction
27 (190 F.3d 1109 (9th Cir. 1999)).  The Ninth Circuit did not
28 vacate the injunction upon remand.  Thus, the original injunction

remained in effect. The district court modified the injunction to include a medical necessity exemption on July 17, 2000 (2000 WL 1517166 (N.D. Cal. 2000)). That injunction was stayed by the Supreme Court on August 29, 2000 (530 U.S. 1298 (2000)). Thus, the only period in which defendants can argue that federal law supported a medical necessity defense is from 7/17/00 to 8/29/00.

Nevertheless, this court has determined that OCBC may be retroactively applied to defendants' charged conduct, and thus, defendants cannot assert a medical necessity defense with respect to any time frame relative to the indictment.

**Government's MIL No. 2**

The Court GRANTS the government's MIL No. 2 to exclude any evidence or argument pertaining to a defense that defendants erroneously believed their alleged conduct was legal. Defendants are not entitled to present evidence relating to their purported erroneous belief that their alleged conduct was legal under federal law because the charged offenses require a "knowing" scienter, not a "willful" one. The government is required to show only that defendants knew they were "in fact performing an act," not that they knew the act was "criminalized by statute." See United States v. Lynch, 233 F.3d 1139, 1141 (9th Cir. 2000). The charged offenses here are general intent crimes to which it is not a defense that defendants lacked the intent to violate the law. See United States v. Fahey, 411 F.2d 1213 (9th Cir. 1969); United States v. Cain, 130 F.3d 381, 384 (9th Cir. 1997) (district court properly gave instruction in possession of cocaine with intent to distribute case that government need not prove the defendant knew his conduct was illegal).

Specifically as to the Count I conspiracy charge, defendants argued, in their reply, that the defense is viable, citing a California appellate court decision, People v. Urziceanu, 132 Cal. App. 4th 747 (2005), which permitted a mistake of law defense to a conspiracy to sell marijuana charge under state law. In Urziceanu, the court was interpreting California's conspiracy statute, Cal. Penal Code § 182. The court reasoned that such a charge required the government to prove that the defendant knew what he was doing violated the law; in other words, the conspiracy charge was a specific intent crime to which mistake of law could be a defense. Id. at 876.

Defendants' reliance on Urziceanu is unavailing. The United States Supreme Court has recognized in construing the federal, general conspiracy statute (18 U.S.C. § 371), that a defendant does not need to know his conduct violates federal law to be guilty of a conspiracy. Section 371 makes it unlawful to "conspire . . . to commit any offense against the United States." The Supreme Court held in United States v. Feola that:

> A natural reading of these words would be that since one can violate a criminal statute simply by engaging in the forbidden conduct, a conspiracy to commit that offense is nothing more than an agreement to engage in the prohibited conduct.

420 U.S. 671, 687 (1975). The drug conspiracy statute, 21 U.S.C. § 846, is substantially the same as Section 371, and thus, the court applies Feola here. United States v. Ansaldi, 372 F.3d 118, 128 (2nd Cir. 2004) (upholding district court's refusal to give good faith instruction to *§ 846* conspiracy charge,stating "knowledge of, or intent to violate the law is simply not an element of this offense"). Section 846 reads: "any person who

6

attempts or conspires to commit any offense defined this subchapter shall be subject to the same penalties . . . ." See also United States v. Baker, 63 F.3d 1478, 1493 (9th Cir. 1995) (recognizing in the context of a conspiracy charge under RICO and the Contraband Cigarette Trafficking Act that "[e]stablishing a defendant's guilt of conspiracy to commit a substantive crime requires proof of mens rea essential for conviction of the substantive offense itself . . . No greater or different intent is necessary.")

Thus, the government is required only to prove that defendants agreed to commit the acts which make up the objects of the conspiracy, which here, are *not* specific intent crimes--*i.e.*, they do not require proof of an intent to violate the law. Defendants' beliefs concerning the legality of the use of "medicinal marijuana" are not a proper defense and evidence of their beliefs, or their reasons for those beliefs, are irrelevant to the charges.  Fed. Rs. Evid. 401, 402.

**Defendants' MIL to Assert Defenses**

The court DENIES defendants' MIL to assert certain defenses, including defenses of compliance with federal or state law, fair notice, mistake of fact, mistake of law, advice of counsel or good faith.[8]

As to any defense of compliance with federal or state law, the court's discussion above regarding the government's MIL No. 1 applies with equal force here and serves as a basis to deny

---

[8] For the reasons set forth below regarding the government's MIL No. 3, the court also precludes defendants from asserting a defense of entrapment by estoppel or public authority.

7

defendant's proffered defense.  The court also finds that defendants cannot assert a defense based on (1) reliance on <u>Raich v. Ashcroft</u>, 352 F.3d 1222 (9th Cir. 2003), holding the CSA unconstitutional as exceeding Congress' powers under the Commerce Clause and thus not preemptive of California's Compassionate Use Act ("CUA"), or (2) Judge Lawrence Karlton's decision in <u>United States v. Real Property Located at 11550 Mushroom Trail, et al.</u>, Civ. 04-2470 LKK/KJM, Order, filed January 19, 2006 ("<u>Mushroom Trail</u>"), holding that the Supreme Court's decision in <u>Gonzales v. Raich</u>, 125 S.Ct. 2195 (2005), reversing the Ninth Circuit's decision, could not be applied retroactively to a civil forfeiture claimant's conduct, occurring between June 2004 and September 2004, and permitting the claimant to argue that his conduct was lawful pursuant to the Ninth Circuit's decision in <u>Raich</u>.[9]  Both the Ninth Circuit's decision in <u>Raich</u> and <u>Mushroom Trail</u> are inapplicable to this case, as defendants could not have relied on either decision at time of the charged conduct, which occurred *years before* these decisions were issued; defendants' charged conduct occurred between 8/1/99 and 9/28/01, but the Ninth Circuit did not issue its decision until 2003 and <u>Mushroom Trail</u> was decided in 2006.

As to a fair notice defense, such a defense is premised on the principle that the government may not prosecute a person when that person has been "required at peril of life, liberty or

---

[9]  <u>Mushroom Trail</u> involved a civil forfeiture action involving real property on which the claimant allegedly grew marijuana for "lawful, medicinal purposes."  Judge Karlton ultimately denied the government's motion for summary judgment, finding that triable issues of fact existed as to whether the claimant's conduct fell within the CUA.  The case later settled.

1  property to speculate as to the meaning of penal statutes."
2  Lanzetta v. New Jersey, 306 U.S. 451, 453 (1939).  Fair notice is
3  about statutes, not erroneous or confusing judicial opinions.
4  United States v. Larm, 824 F.2d 780, 784 (9th cir. 1987).  Here,
5  21 U.S.C. § 841 meets the fair notice requirement as it
6  unambiguously publishes what conduct is prohibited and what
7  minimum sentences apply.  See United States v. Taylor, 693 F.2d
8  919, 922 (9th Cir. 1982) (the Constitution requires only that the
9  "wording of the statute is sufficient to give a person of
10 ordinary intelligence fair notice that his or her contemplated
11 conduct is forbidden").  Thus, defendants cannot assert a fair
12 notice defense.
13     As to a mistake of fact defense, defendants' motion is
14 denied as they have failed to make a proffer as to any *factual*,
15 as opposed to legal, mistake at issue.
16     As to a mistake of law defense, defendants' motion is denied
17 for the same reasons the court grants the government's MIL No. 2.
18     As to an advice of counsel defense, which defendant Schafer
19 seeks to assert based on his communications with an attorney
20 Nicks, defendants' motion is denied as such a defense is also
21 unavailable for the same reasons the court granted the
22 government's MIL No. 2.  Advice of counsel is not, strictly
23 speaking, a defense to a criminal charge, but rather, is a
24 circumstance indicating good faith which may be considered by the
25 jury if relevant to negate a specific element of the offense with
26 which a defendant is charged.  See Ratzlaf v. United States, 510
27 U.S. 135, 138-39 (1994) (recognizing that good faith might be
28 relevant in cases where specific intent to violate the law is an

element of the charged offense).[10]  Thus, because an advice of counsel defense serves only to negate specific intent to violate the law, it would clearly not be a viable defense to the Count II charge of manufacturing.  Indeed, defendant Schafer concedes this point in his reply.  As to the Count I conspiracy charge, the defense is also unavailable, under Feola and Ansaldi, as set forth above.  See also United States v. Soares, 998 F.2d 671 (9th Cir. 1993) (affirming the defendant's conviction and finding no error in the district court's preclusion of an advice of counsel defense since the kickback statute at issue did not require the government to prove the defendant knew he was violating the law).

For the same reasons, defendants cannot assert a good faith defense to the charged offenses.

Thus, defendants are precluded from asserting any of the above defenses, and as such, they may not introduce evidence or make argument relating to these defenses.  Defendants' motion (Docket #128), construed as a motion in limine to assert defenses, is DENIED as to the defenses discussed herein.

**Government's MIL No. 3**

The court GRANTS the government's MIL No. 3 to exclude evidence regarding any defense of entrapment by estoppel or

---

[10] As such, advice of counsel defenses arise largely in tax and banking cases where the offenses require proof that a defendant violated a known legal duty.  See e.g. United States v. Conforte, 624 F.2d 869, 876 (9th Cir. 1980) (recognizing that while reliance on counsel is not a complete defense in tax evasion cases, it is a circumstance indicating good faith which the trier of fact is allowed to consider on the issue of "willfullness").

10

1  public authority.  The court previously denied on January 20,
2  2006, defendants' pretrial motion to dismiss the indictment based
3  on the argument that federal agents lured defendants into
4  committing federal crimes by telling them they would not be
5  prosecuted by federal authorities for their federal crimes.  The
6  government seeks to preclude assertion of any affirmative defense
7  based on the same argument.  For the same reasons the court
8  denied defendants' motion to dismiss, it grants the government's
9  instant motion in limine.
10     The court may preclude a proposed defense if the evidence
11 described in the offer of proof is insufficient as a matter of
12 law to support the proffered defense.  <u>United States v. Aguilar</u>,
13 883 F.2d 662, 692 (9th Cir. 1989).  In the earlier proceedings on
14 defendants' motion to dismiss the indictment, defendants could
15 not identify an authorized federal government official who
16 erroneously told them it was permissible to sell marijuana.
17 <u>United States v. Brebner</u>, 951 F.2d 1017, 1024 (9th Cir. 1991) (to
18 assert the instant defense, defendants must proffer facts that an
19 authorized official of the federal government affirmatively told
20 defendants their charged conduct was permissible under federal
21 law and they reasonably relied upon that representation).  At the
22 July 13, 2007 hearing, the court deferred ruling on this motion
23 to permit defendants to make a *new* offer of proof on this issue.
24 Defendants filed their proffer on July 20, 2007 (Docket #146).
25 However, again, defendants failed to make the requisite showing;
26 defendants' proffer, if it shows anything at all, simply concerns
27 the underlying investigation, which involved federal and local
28 law enforcement agents; at times, federal agents appear to direct

certain undercover operations performed by local agents. Significantly, the proffer does not establish, *in any respect*, that federal agents, or *any* other law enforcement officials, told defendants their alleged conduct was permissible under federal law.  Therefore, the court grants the government's MIL No. 3.

**Government's MIL No. 4**

The court GRANTS the government's MIL No. 4 to exclude any evidence pertaining to the manner in which the DEA agents executed the search of defendants' residence, including evidence pertaining to defendants' son's civil rights action, pending in this court, arising out of events taking place during the execution of the search warrant.  At the hearing, the court announced its tentative ruling to grant the motion on the ground that any such evidence is irrelevant to the charged conduct of growing and selling marijuana.  Fed. Rs. Evid. 401, 402.  It deferred ruling, however, to permit defendants to make a factual proffer.  Said proffer was to be filed by July 20, 2007. Defendants did not file a proffer.  As such, the court grants the government's motion for the above reason.

IT IS SO ORDERED.

DATED: July 24, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

12